

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable W. P. Waldrop
County Auditor
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. O-3231
Re: Does the commissioners'
court have the authority
to pay out of the General
Fund of Grayson County
$10,000.00 to be placed in
a revolving fund to sponsor
the plan known as the Fed-
eral Food Stamp Plan" which
according to information is
a branch of the Federal Sur-
plus Commodity Corporation,
and related questions?

Your recent request for an opinion of this depart-
ment on the questions as are herein stated has been received.

We quote from your letter as follows:

"1. Does the Commissioners' Court have the
authority to pay out of the General Fund of Gray-
son County, $10,000.00 to be placed in a revolv-
ing fund to sponsor the plan known as the "Fed-
eral Food Stamp Plan" which according to my in-
formation is a branch of the Federal Surplus Com-
modity Corporation?

"2. Does the Commissioners' Court have the
Authority to hire a person as Grayson County Chari-
ty Case Worker" to interrogate relief clients as
to their needs and issue such Grocery, Drugs and
clothing orders as he deems necessary?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. P. Waldrop, page 2

"3. Does the Commissioners' Court have the authority to pay the above County Case Worker a salary of $150.00 per month out of the General Fund of the County?

" Said order of the Commissioners' Court was dated February 20, 1941, and to be effective as of February 1, 1941, after rescinding an order held invalid by the District Attorney which was passed January 30, 1941 of which you will find copy attached.

"4. Would the Commissioners' Court have the authority to allow a salary to the County traffic officer from February 1, 1941 to February 11, 1941, when such appointment was made by the Commissioners' Court under article 6699-b, acting in conjunction with the Constable rather than with the Sheriff?

"For your information the Sheriff filed an injunction in the 15th. Judicial District Court of Grayson County to prevent said Commissioners' Court from carrying out said appointment, which temporary injunction was granted by said 15th Judicial District Court on February 11, 1941, and the date set by said Court for hearing was February 28, 1941, and on February 19, 1941 before said hearing was held the Commissioners' Court rescinded their order appointing the traffic officer and held same for naught. Upon notice from the Commissioners' Court of their action the 15th Judicial District Court dismissed the injunction as a moot question.

"Please inform me the status of the salary of said traffic officer during this period from February 1, 1941 to February 11, 1941.

"You will find attached Commissioners' Court orders of all the above questions except question No. 1.

This department has heretofore ruled on the first question presented in your inquiry, answering the same in the negative, in Opinions Nos. O-2013 and O-2013A concurring.

Honorable W. P. Waldrop, page 3


Copies of these opinions are enclosed for your information.

In answer to your questions Nos. 2 and 3, you are advised that it is our opinion that both of said questions should be answered in the affirmative and are so answered, upon the conditions and for the reasons stated in our Opinion No. O-2217 (Conference Opinion No. 3099). A copy of this opinion is enclosed herewith.

Article 6699-b, referred to in your fourth question, applies to all counties in this State having a population of more than 125,000 according to the preceding Federal census. It is further provided in said statute that "this Act shall not apply to counties of not less than 195,000 population nor more than 205,000 population according to the last preceding Federal Census." Grayson County has a population of 69,499 inhabitants according to the 1940 Federal Census. Therefore, Article 6699-b is not applicable to said county.

This department held in Opinion No. O-3028 that "It is the opinion of this department and you are advised that the county traffic officers provided for in Articles 6699 and 6699-a of Vernon's Annotated Civil Statutes, should be appointed by the commissioners' court of the county, acting in conjunction with the sheriff of said county, and not acting in conjunction with a constable."

You state in your letter that the traffic officer in question was appointed by the commissioners' court, acting in conjunction with the constable rather than with the sheriff.

In view of Opinion No. O-3028, the commissioners' court did not have legal authority to appoint a traffic officer acting in conjunction with the constable rather than with the sheriff. Therefore, it is our opinion that the traffic officer above mentioned was not or could not be legally appointed in the manner above stated and had no authority whatsoever to act as such. Therefore, it is our opinion that the commissioners' court has no authority to allow a salary to said "county traffic officer."

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED MAR 14, 1941

ATTORNEY GENERAL OF TEXAS

Gerald C. Mann

By Ardell Williams

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

Ardell Williams
Assistant

AW:js